# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KOOLAIRE, LLC,** | ) | Case No. 1:10-CV-00501 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **CARDINAL TRANSPORT, INC.,** | ) | **OF MAGISTRATE JUDGE** |
| | ) | (Regarding Docket #4). |
| Defendant. | ) | |
| | ) | Magistrate Judge James S. Gallas |

Before the undersigned is Plaintiff Koolaire, LLC's motion to remand (Docket #4) and Defendant Cardinal Transport's brief in opposition. (Docket #19). The motion has been referred to this Court for resolution. (Docket #11).

## I.   BACKGROUND AND ARGUMENT

On March 9, 2010, this interstate shipping dispute was removed by Defendant, Cardinal Transport, Inc. from the Cuyahoga County Court of Common Pleas under 42 U.S.C. §1441(b) on the assertion of federal question subject matter jurisdiction based on allegations in the complaint of violations of the Carmack Amendment, 49 U.S.C. §14706. (Docket #1). Koolaire filed its first complaint in State Court on September 26, 2007, and its amended complaint on February 9, 2010. The original complaint alleged two causes of action - negligence and fraud based on damage to an air conditioning unit allegedly caused by Cardinal as it transported said unit from Ohio to California and Cardinal's subsequent misrepresentations about the cause of the damage. The amended complaint alleges two different causes of action - violation of the Carmack Amendment against

Cardinal and declaratory judgment against Cardinal's insurance carrier. (Docket #1-1). The notice of removal to federal court by Cardinal asserts that the case is removable because the complaint alleges violations of a federal law, namely the Carmack Amendment. (Docket #1 at 2).

In its motion, Koolaire argues that the case must be remanded because it was not removed within 30 days of the filing of the complaint and/or within 30 days of the date the case became removable. (Docket #4, *citing* 28 U.S.C. §1446(b)). Koolaire argues that the case was removable from the date the initial complaint was filed because, "'[i]t us well-settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property.'" (*Id.* at 3, *quoting Hall v. North American Van Lines*, 476 F.3d 683, 688 (9th Cir. 2007), *citing Ga.,Fla., & Ala. Ry. Co. V. Blish Milling Co.*, 241 U.S. 190, 194 (1916)). Koolaire argues that regardless of the actual claims pled, the "'Carmack Amendment completely preempts a contract claim[.]'" (*Id.*, *quoting Hall, supra*). Koolaire alleges that as "Cardinal is in the business of interstate transportation of goods" and this service is the basis of the relationship between the parties, "it should have been clear to Cardinal that the Carmack Amendment applied and preempted Koolaire's claims and thus the case was completely removable" from the onset. *Id.* Koolaire alleges that under the "artful pleading" doctrine, "a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of the law." (*Id.* at 4). Koolaire also argues that the amended complaint does not revive Cardinal's ability to remove the case because the amendment did "not significantly alter the nature of the claims for relief." (*Id.*, *citing Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962 (7th Cir. 1982)).

1:10 CV 501

In the alternative, Koolaire alleges that even if the initial complaint was not removable, the "other paper doctrine" set forth in 28 U.S.C. §1446(b) applies, thereby triggering Cardinal's obligation to remove the case within 30 days of receipt thereof. The other paper in this case was Koolaire's pretrial statement served on Cardinal on November 25, 2008, which expressly states that Cardinal "is absolutely liable as a common carrier under federal Carmack Amendment law for damage to KoolAire's cargo[.]" (Docket #4-3 at 4). Koolaire's position is that Cardinal's notice of removal was filed more than 30 days past November 25, 2008, and the case is, therefore, subject to remand.

Cardinal claims that at no time from the date the action was filed in State Court, September 26, 2007, until February 4, 2010, did Koolaire assert a claim under the Carmack Amendment. (Docket #19 at 2). Cardinal maintains that the claim first arose when Koolaire filed its amended complaint on February 9, 2010, and that it removed the action to this Court within 30 days thereof. (*Id.* at 3). Cardinal argues that, "under the well-settled law of the United States District Court for the Northern District of Ohio, a claim under the Carmack Amendment must be explicitly pled in a properly filed complaint[.]" (*Id.* at 3-5, *citing Carr v. Olympian Moving & Storage*, 2006 WL 2294873 (N.D. Ohio) (Wells, J.)*; Frankenmuth Mut. Ins. Co. v. D.J. Franzen, Inc.* 2008 WL 3836535 (N.D. Ohio)(Aldrich, J.)). Defendants to do not address Plaintiff's "other paper" argument.

**II.    LAW AND ANALYSIS**

Koolaire argues for remand based on 28 U.S.C. §1446(b) because Cardinal failed to remove the case within 30 days of the date it became removable. Koolaire argues that the case was removable when: (1) the initial complaint was filed in September 2007, because the Carmack

1:10 CV 501

Amendment always preempts state law claims in interstate carrier cases and thus, such claim was implied; or (2) Cardinal received "other paper" in November 2008, expressly stating that Koolaire was seeking recovery under the Carmack Amendment.

> 28 U.S.C. §1446(b) states:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
>
> "[Co]urts strictly construe the removal statutes and all doubts are construed against removal."

*Richard v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 203016 at *1 (N.D. Ohio)(Nugent, J.), *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Keller v. Honeywell Protective Services*, 742 F.Supp. 425, 426 (N. D.Ohio 1990). "In the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). "The strict time requirement for removal in civil cases is not jurisdictional; rather, 'it is a strictly applied rule of procedure and

4

1:10 CV 501

untimeliness is a ground for remand so long as the timeliness defect has not been waived.'" *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir.), cert. denied, 510 U.S. 871 (1993) (internal citation omitted).

### A. **Implied Carmack Amendment Claim**

> When it applies, the Carmack Amendment 'provide[s] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier ... [and] the complete pre-emption doctrine applies.' *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir.2003); *see also Hall v. N. Am. Van Lines, Inc.* 476 F.3d 683, 687- 89 (9th Cir.2007)(holding that the Carmack Amendment is 'among the few statutes that completely preempt well-pleaded state claims by providing the exclusive cause of action for [interstate shipping contract claims]'); *Am. Synthetic Rubber Corp. v. Louisville Nashville R.R. Co.*, 422 F.2d 462, 465-66 (6th Cir.1970)(recognizing that the Carmack Amendment completely preempts state law claims regarding interstate shipping contracts). Thus, the Carmack Amendment, when it applies, converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. 1441(b). *Hall*, 476 F.3d at 689; *Hoskins*, 343 F.3d at 778; *Am. Synthetic*, 422 F.2d at 467.

*Solectron USA, Inc. Ex rel. Fidelity & Deposit Co. Of Maryland v. Fedex Ground Package System, Inc.*, 520 F.Supp.23 904, 908 (W.D. Tenn. 2007).

The *Carr* and *Frankenmuth* cases, cited by Cardinal, are procedurally distinguishable in that they stem from motions to dismiss filed in federal court based on the Carmack Amendment's preemptive nature. The *Carr* court did state that it was granting defendant's motion to dismiss and refusing to convert plaintiff's state law claims into a Carmack Amendment claim because such claim was not explicitly pled, however, it did so when considering a motion brought under Fed.R.Civ.P. 12(B)(6), which analyzes the sufficiency of the factual predicate of a pleading. A different procedural rule is at issue here.

1:10 CV 501

Based on the foregoing, Koolaire's initial complaint [1] was removable as state law claims were completely preempted by the Carmack Amendment.  Cardinal failed to remove the case withing the time-frame set forth in 1446(b) and the case is therefore, subject to remand.

### B.     "Other Paper" Doctrine

Further, Koolaire's November 2008 pretrial brief expressly states that  Cardinal "is absolutely liable as a common carrier under federal Carmack Amendment law for damage to KoolAire's cargo[.]" (Docket #4-3 at 4).  Koolaire claims this pretrial brief is the "other paper" that should have started the 30-day clock on Cardinal's removal rights.  A *typical* example of an "other paper" would be "the filing of an amended complaint, which, for the first time, pleads a cause of action arising under federal law." *Long v. American Red Cross*, 1992 WL 566292 at *4 (S.D. Ohio).  However, there is no authority for a rule that "other paper" is limited to an amended complaint.  Cardinal has not addressed Koolaire's argument that its pretrial brief was sufficient to put Cardinal on notice of Koolaire's intention to utilize the Carmack Amendment.  It should also be noted that a "defendant's removal right *** may extend *beyond what is asserted in plaintiff's complaint* to the time when it may first be ascertained that the case is one which is removable." *Peters v. Lincoln*

---

[1] Although Koolaire's initial complaint and amended complaint are facially different; i.e., they allege different claims, because the state law claims alleged in the initial complaint were completely preempted by the Carmack Amendment making Koolaire's initial complaint removable from the onset, the amended complaint did not give Cardinal a new right to remove because "the thirty-day supplementary period for filing a notice of removal set out in the second paragraph of Section 1446(b) is available only when 'it may be first ascertained that the case [not previously removable] is one which has become removable."   14C Charles Alan Wright, Arthur R.Miller & Edward H. Cooper, *Federal Practice and Procedure* §3732 (3d ed. and Supp.2009) (citations omitted).

1:10 CV 501

*Elec. Co.*, 285 F.3d 456, 465 (6th Cir. 2002) (emphasis added). Thus, the "other paper" rule provides an exception to the "well-pleaded complaint rule."

"The federal courts have given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope." 14C Charles Alan Wright, Arthur R.Miller & Edward H. Cooper, *Federal Practice and Procedure* §3732 (3d ed. and Supp.2009). Generally, "courts have interpreted the 'other paper' term in § 1446(b) to apply to papers and documents involved in the case being removed." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007). Typically, this includes a pleading filed in the case. *See Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 at *3 (6th Cir. 1991). In addition to pleadings, answers to interrogatories, [2] a proposed jury instruction that psrovided first notice to defendant that the plaintiff sought to recover for federal securities fraud, [3] and responses to deposition questioning[4] have been considered other paper.

Koolaire's pretrial brief gave Cardinal notice of its intent to assert the Carmack Amendment and thus even if the initial complaint was not removable, the case was removable as of November 25, 2008. Cardinal did not remove the matter within 30 days thereof and the case is, therefore, subject to remand.

---

[2] *Bragg v. Kentucky*, 126 F.Supp.2d 448 (E.D. Ky).

[3] *Burns v. Prudential Sec., Inc.*, 218 F.Supp.2d 911 (N.D. Ohio 2002)(Carr, J).

[4] *Peters,* 285 F.3d at 466.

1:10 CV 501

### III.     RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be remanded to State Court.

                                     s/James S. Gallas
                                United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: May 19, 2010